# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

**v.**                                                    **Criminal Case No: 2:14-cr-39**

**JUSTIN GREGORY RIFFE,**
        **Defendant.**

## ORDER/OPINION CONCERNING PLEA OF GUILTY IN MISDEMEANOR CASE

This matter is before the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Justin Gregory Riffe, in person and by counsel, Lary Garrett, appeared before me on November 4, 2014. The Government appeared by Stephen Warner, its Assistant United States Attorney. The Court determined that Defendant would enter a plea of "Guilty" to a one-count Information.

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written plea agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written plea agreement filed.

Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear and accept the entry of his guilty plea and impose sentence and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented

to the undersigned Magistrate Judge hearing and accepting his plea and later imposing sentence, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Justin Gregory Riffe, after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned then reviewed with Defendant the Information, including the elements the United States would have to prove at trial, charging him with distribution of a laboratory supply, knowingly to manufacture methamphetamine, in violation of 21 U.S.C. § 842(a)(11) and (c)(2)(A). The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the misdemeanor charge contained in the Information. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than one (1) year; a fine of not more than $100,000.00, or both imprisonment and a fine; and a term of supervised release of not more than one (1) year. Defendant further understood the Court would impose a special assessment of

$25.00 for the misdemeanor conviction payable before the date of sentencing and understood that the Court may require him to pay the costs of his incarceration and supervised release.

The Court then inquired of Defendant regarding his understanding of his conditional waiver of appellate rights as contained in the written plea agreement, as follows:

Ct. Did you and Mr. Garrett talk about your right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals?

Def. Yes, Your Honor.

Ct. Did you also talk with Mr. Garrett about your having the possibility of challenging the sentence and how that sentence is being carried out by filing what is called a writ of habeas corpus motion under 28 U.S.C. § 2255?

Def. Yes, Your Honor.

Ct. Under your agreement, paragraph 13, if I give you probation, do you understand that you give up your right to appeal to the Fourth Circuit and you give up your right to collaterally attack or challenge the sentence and how it's being carried out?

Def. Yes, Your Honor.

Upon consideration of all which, the Court finds Defendant understood his appellate rights and knowingly and voluntarily waived those rights pursuant to the condition in the plea agreement.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement. The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary

execution of the written plea bargain agreement signed by him and determined the entry into said written plea agreement was both knowledgeable and voluntary on the part of Defendant. The Court further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the misdemeanor charge contained in the Information, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the Court, and only after the undersigned Magistrate Judge had an opportunity to review the pre-sentence investigation report, would he adjudicate the Defendant guilty of the misdemeanor offense contained in the Information and make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that he may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the undersigned refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, Defendant would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and

4

Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the undersigned Magistrate Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system and that he would not be able to earn institutional good time because of the statutory maximum penalty applicable to the charge contained in the one-count Information.

Usually, the Court would hear the testimony of a Government witness to provide an independent basis in fact for Defendant's plea. However, the parties stipulated that the Government would provide a proffer to support such an independent basis in fact. The Government proffered that on September 13, 2012, Agent Smithson interviewed Defendant as part of a methamphetamine investigation. During that interview, Defendant stated that in May 2012, he was at Shawn White's residence "partying." Defendant saw Claritin-D, hair dryers, heaters, coffee filters, glass jars, foil, and a case of plastic water bottles around the residence. Many individuals, including David Doyle, were in the bathroom with the heater on. Defendant thought that they were in the bathroom cooking methamphetamine; they kept the door closed. Defendant has seen White with bottles and knows that Doyle makes methamphetamine. Subsequently, White asked Defendant to get some Claritin-D. He gave Defendant $22.00 or $24.00. Defendant purchased Claritin-D, containing pseudoephedrine, at the Rite-Aid in Marlinton, West Virginia. He then went to White's house to give White the Claritin-D. That was the only time Defendant ever purchased anything for anyone to use to manufacture methamphetamine. A search of NPLEX

5

revealed that on July 18, 2012, Defendant purchased Claritin-D from the Rite-Aid in Marlinton, West Virginia, in the Northern District of West Virginia.

Defendant stated he heard, understood, and agreed with the Government's proffer. From said proffer, the undersigned Magistrate Judge concludes the offense charged in the Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Defendant, Justin Gregory Riffe, with the consent of his counsel, Lary Garrett, proceeded to enter a verbal plea of **GUILTY** to the misdemeanor charge contained in the Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea and later imposing sentence; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty, including the statutory maximum sentence; Defendant made a knowing and voluntary plea of guilty to the Information; and Defendant's plea is independently supported by the Government's proffer, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

Pursuant to Fed. R. Crim. P. 11(c)(3) and U.S.S.G. § 6B1.1(c), acceptance of the proposed plea agreement, stipulations, and nonbinding recommendations are deferred until the Court has received and reviewed the presentence report prepared in this matter.

Pursuant to § 6A1 et seq. of the United States Sentencing Guidelines, it is hereby **ORDERED** that:

1. The Probation Officer undertake a presentence investigation of **JUSTIN GREGORY**

    **RIFFE** and prepare a presentence report for the Court;

2.  The Government and Riffe provide their versions of the offenses to the probation officer by **November 19, 2014**;

3.  The presentence report be disclosed to Riffe, defense counsel, and the United States on or before **January 5, 2015**; however, the Probation Officer is not to disclose the sentencing recommendations made pursuant to Fed. R. Crim. P. 32(e)(3);

4.  Counsel file written objections to the presentence report on or before **January 19, 2015**;

5.  The Office of Probation submit the presentence report with addendum to the Court on or before **February 3, 2015**; and

6.  Counsel file any written sentencing statements and motions for departure from the Sentencing Guidelines, including the factual basis from the statements or motions, on or before **February 17, 2015**.

The Court will conduct the sentencing hearing on **Thursday, February 26, 2015,** at **10:30 a.m.**, at the **Elkins point of holding court**.

Defendant is continued on release pursuant to the Order Setting Conditions of Release previously entered in Criminal Action No. 2:14-cr-20.

It is so **ORDERED**.

DATED: November 5, 2014

                *John S. Kaull*
                JOHN S. KAULL
                UNITED STATES MAGISTRATE JUDGE